IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Cr. No. 2:15-cr-20043-JTF-dkv |
| CHARLES TIGNER, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER ADOPTING THE MAGISTATE JUDGE'S REPORT AND
RECOMMENDATION DENYING DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is the Defendant Charles Tigner's Motion to Suppress Evidence and Statements filed on October 2, 2015. (ECF No. 39). On October 5, 2015, the undersigned court referred the motion to the United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. 636(b)(1)(B). (ECF No. 40). On October 15, 2015, the Government filed its Response to Defendant's motion. (ECF No. 41). On December 2, 2015, the Magistrate Judge conducted an evidentiary hearing wherein testimony of one Government witness, MPD Detective Lawrence Richardson, and arguments of counsel were heard. The matter was taken under advisement. (ECF No. 46).

On January 4, 2016, the Magistrate Judge issued her report and recommendation that Defendant's motion to suppress should be denied. (ECF No. 47). Neither party filed any objections, and after *de novo* review of the matter, the Court adopted the Magistrate Judge's report and recommendation, and denied the Motion to Dismiss. (ECF No. 48).

1

On February 4, 2016, the parties appeared in court to report the status of the case. After being cautioned, Mr. Tigner addressed the Court directly regarding the filing of "his objections" to the testimony that was received at the suppression hearing. Apparently, Mr. Tigner and his counsel could not agree on the filing of objections. Purely because of Mr. Tigner's concerns, the Court ordered preparation of a transcript of the suppression hearing, and upon its filing, allowed an additional fourteen days to object to the report and recommendation. (ECF Nos. 53 & 54).

On February 9, 2016, the suppression hearing was filed. (ECF No. 55). The Court read the transcript and reviewed again the Motion to Suppress, the Government's response and the Magistrate Judge's Report and Recommendation. No objections to the Report and Recommendation have been filed.

On March 3, 2016, the parties again appeared in court to further discuss the status of the case. Mr. Tigner was still unhappy with the suppression proceeding, yet was unable to verbalize any specific objections. His concerns turned to obtaining more discovery information. The matter was set for trial.

## STANDARD OF REVIEW

A United States District Court Judge may refer certain dispositive motions, including motions to dismiss indictments, to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law for disposition by the District Judge pursuant to 28 U.S.C. §636(b); *U.S. v. Houston*, Case No. 3:13-10-DCRF, 2013 WL 3975405 *1 (E.D. Tenn. July 29, 2013). The District Judge may accept, reject or modify in whole or in part, the Magistrate's proposed findings and recommendations. *U.S. v. Raddatz*, 447 U.S. 667, 673-675 (1980), *reh'g den.*, 448 U.S. 916 (1980). See 28 U.S.C. § 636 (b)(1)(B). While most actions by a Magistrate Judge are reviewed for clear error, dismissal of indictments and motions to suppress evidence are among the motions in criminal matters that are subject to *de novo* review. *See U.S.*

*Fidelity and Guarantee Co. v. Thomas Solvent Co,* 955 F.2d 1085, 1088 (6th Cir. 1992). In this case no objections were submitted.

## **ANALYSIS**

After reviewing the report and recommendation and the transcript of the hearing testimony, the Court, again, adopts the Magistrate Judge's proposed findings of fact in this case. Tigner asserts in his motion to suppress that any statements made by him after he was taken into custody and read his Miranda rights must be suppressed. (ECF No. 39, pp. 2-3). The Government asserts that Tigner voluntarily reinitiated contact with the police officers and made unsolicited statements to the officers after invoking his right to counsel. (ECF No. 41, pp. 3-4). The Magistrate Judge correctly determined that Tigner was properly informed of his Miranda rights, both verbally and in writing, that he understood these warnings, and that his statements following the Miranda warnings were unsolicited and without police coercion or intimidation. *Oregon v. Bradshaw*, 462 U.S. 1039, 1045 (1983). The Magistrate Judge also properly determined that any statements made to the officers regarding the unrelated matter were not the result of interrogation. After reviewing the motion to suppress, and the response, statements of counsel and the uncontradicted witness' testimony, the Magistrate Judge recommended that Defendant's motion to suppress be denied because there were no Fifth Amendment violations while Tigner was in custody.

After a *de novo* review of the Magistrate Judge's report and recommendation and the entire record in this case, including a review of the suppression hearing transcript, the Court finds that Tigner's concerns are without merit and are DENIED. It appears to this Court that Tigner voluntarily spoke to the officers after receiving his Miranda warnings, and his statements to them were not the result of interrogation. There is nothing in the record that indicates that the officers acted improperly.

The Magistrate Judge's report and recommendation is adopted in its entirety. Accordingly, Defendant's Motion to Suppress Statements and Evidence, ECF No. 39, is DENIED.

**IT IS SO ORDERED** on this 11th day of March, 2016.

<u>*s/John T. Fowlkes, Jr.*</u>
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE